UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL ACTION NO. 5:22-cr-124

DAVID WILLIAM MCCONNELL

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant David William McConnell's Motion to Revoke the Magistrate Judge's Detention Order, filed July 8, 2022. [Doc. 33]. The United States responded on July 15, 2022. [Doc.39]. The Court held a hearing on July 28, 2022. [Doc. 45]. The matter is ready for adjudication.

**I.**

On June 22, 2022, Mr. McConnell was indicted for traveling in interstate commerce for the purpose of engaging in illicit sexual conduct in violation of 18 U.S.C. §§ 2423(b) and 2423(e). [Doc. 14]. Mr. McConnell was allegedly communicating with an undercover officer who was purporting to be the mother of two minor females. The messages were of an explicit nature.

The United States moved for a detention hearing. [Doc. 3]. The United States further invoked the rebuttable presumption under 18 U.S.C. § 3142(e) because the offense involved a minor victim. [*Id.*]. Accordingly, the United States believed no conditions of release would reasonably assure Mr. McConnell's appearance or the safety of the community. [*Id.*].

The Honorable Omar J. Aboulhosn, United States Magistrate Judge, held a

detention hearing on June 27, 2022. [Doc. 24]. Magistrate Judge Aboulhosn heard testimony from Catherine Jean Cosgrove, Mr. McConnell's mother, regarding her suitability as a custodian for Mr. McConnell upon release. [Doc. 38 at 13–21]. During Ms. Cosgrove's cross examination, the United States inquired whether she was aware of an incestuous relationship Mr. McConnell had with his older sister while growing up. [*Id.* at 20]. Ms. Cosgrove said she was unaware of any such relationship but noted, even if it had occurred, it did not affect her willingness to serve as the third-party custodian. [*Id.* at 20–21]. Ms. Cosgrove currently resides in Chicago, Illinois, but indicated she would be willing to move to Mr. McConnell's home in North Carolina. [*Id.* at 14].

Magistrate Judge Aboulhosn found Mr. McConnell presented sufficient evidence to rebut the statutory presumption in favor of detention. [*Id.* at 26]. He also found McConnell was not a flight risk. [*Id.*]. He further found, however, that detention was warranted inasmuch as no condition or combination of conditions of release would reasonably assure the safety of others and the community. [*Id.*]. Mr. McConnell now moves to revoke Magistrate Judge Aboulhosn's Detention Order.

## II.

Title 18 U.S.C. § 3142 of the Bail Reform Act of 1984 ("Act"), as codified, governs the release or detention of an accused pending trial. Release pending trial is generally sanctioned unless there is no condition or combination of conditions that will "reasonably assure the appearance of the [accused] . . . and the safety of any other person and the community." *Id.* § 3142(e). Nonetheless, under some circumstances it is "presumed[, but rebuttable,] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* § 3142(e)(3). One such instance is when "the

judicial officer finds that there is probable cause to believe that the [accused] committed . . . an offense involving a minor under [§] . . . 2423." *Id.* § 3142(e)(3)(E).

In such a case where the rebuttable presumption arises, the Act requires the Court to consider the following factors in ascertaining whether conditions of release exist that "will reasonably assure the appearance of the person as required and the safety of any other person and the community:"

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

*Id.* § 3142(g). The Defendant is obliged to rebut the aforementioned presumption and show there are conditions or a combination of conditions that will assure his appearance and the safety of the

community. *Id.* § 3142(e)(3).

If the presumption is rebutted, § 3142(b) provides that a defendant must be released on personal recognizance or unsecured personal bond unless the judicial officer determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." A finding that no combination of conditions will reasonably ensure the safety of any other person or the community must be supported by clear and convincing evidence. *Id.* § 3142(f).

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citing *United States v. Reuben*, 974 F.2d 580, 586 (5th Cir. 1992)). With respect to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings. *Id.* (citation omitted). With respect to the safety of others or the community as a basis for detention, the government must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *Id.* (citation omitted).

Courts should also consider all reasonable, less restrictive alternatives to detention. 18 U.S.C. § 3142(e). In considering a motion to revoke a magistrate judge's pretrial detention order, this Court acts de novo and "must make an independent determination of the proper pretrial detention or conditions of release." *Stewart*, 19 F. App'x at 48 (citing *Rueben*, 974 F.2d at 586).

**III.**

Mr. McConnell asserts that the United States failed to prove by clear and convincing evidence that no combination of release conditions could reasonably assure that he will not pose a danger to the community. [Doc. 33 at 1]. He requests that he be released from custody and placed on home confinement at his residence in Charlotte, North Carolina, with his mother residing with him as third-party custodian. [*Id.*].

He asserts that there "is nothing egregious about the alleged facts" of this case compared to similar ones and that the claimed incestuous relationship was "mere online fantasy talk." [*Id.* at 8–9]. He further contends that even though the case involves a minor victim, resulting in a presumption of detention, he has rebutted the presumption. [*Id.* at 9]. He asserts that home detention with a third-party custodian, electronic monitoring, monitoring software, and other restrictions would adequately prevent him from imposing a danger upon others. He also contends that his mother's lack of knowledge of the alleged incestuous relationship has no relation to her ability to serve as third-party custodian. [*Id.* at 10].

The United States suggests that Defendant's mother serving as third-party custodian is inappropriate. The United States questions whether Defendant's mother would be able to report the Defendant if a violation occurred, due to her strong willingness to look past the claims of incest and uproot her life to move to Charlotte, North Carolina. [Doc. 39 at 6]. For these reasons, the United States believes that the Defendant's Motion to Revoke Detention Order should be denied.

The nature and circumstances of the offense charged are troubling. The alleged facts, including the Defendant's fetish website profile, explicit messages and videos exchanged with the undercover officer, descriptive statements pertaining to the minor victims, extensive

travel, and alleged history of an incestuous relationship with his sister, all show the serious nature of the offense. The weight of evidence against the Defendant is also substantial. There is ample evidence in the record regarding Mr. McConnell's communications with the undercover officer purporting to be the mother of two minor females.

Additionally, the history and characteristics of the Defendant give the Court pause. Particularly, relating to Mr. McConnell's character and past conduct, the United States has introduced evidence regarding a previous incestuous relationship between Mr. McConnell and his older sister. The Defendant's assertion that the alleged incestuous relationship with his sister was mere fantasy is unavailing. Assuming that was the case, Defendant's other disturbing actions still warrant detention. In similar cases, it is not required that there be a physical injury for there to be an injury. *United States v. Toler*, 684 F. Supp. 436, 439 (S.D.W. Va. 1988) (finding that the defendant who was charged with transporting in interstate commerce sexually explicit photographs of minors would pose a danger in terms of potential continued abuse or injury). Even on a restricted home confinement with a third-party custodian, the Defendant is likely to pursue another avenue for injury. His mother's unawareness of an incestuous relationship between her children also indicates the Defendant could surreptitiously violate conditions without her knowledge. Thus, the fourth factor of the nature and seriousness of the danger to any person or the community also weighs in favor of detention.

The Court, accordingly, **FINDS** by clear and convincing evidence, that there is no condition or combination of conditions that could reasonably assure that the Defendant does not pose a danger to the community.

## IV.

For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Revoke Detention Order. **[Doc. 33]**.

The clerk is directed to send a copy of this Order to the defendant and Counsel of record.

ENTER: August 17, 2022

Frank W. Volk
United States District Judge